HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAHAMED ALI JAMA,

    Plaintiff,

  v.

WESTERN STATE,

    Defendant.

Case No. C17-17-RAJ

ORDER

This matter comes before the Court *sua sponte* on the recommendation of the Honorable James P. Donohue, United States Magistrate Judge. Dkt. # 6. For the reasons that follow, the Court **DISMISSES** *pro se* Plaintiff Mahamed Ali Jama's complaint with leave to amend.

On January 5, 2017, Plaintiff filed this action alleging civil rights violations by Defendant Western State. Dkt. # 1-1. In doing so, Plaintiff submitted an application to proceed *in forma pauperis*. Dkt. # 1. Judge Donohue granted Plaintiff's application, but recommended that the Court review Plaintiff's action under 28 U.S.C. § 1915(e)(2)(B).

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. Upon permitting a plaintiff to proceed *in forma pauperis*, the Court is subject to certain requirements set forth under 28 U.S.C. § 1915(e)(2)(B). Among these requirements is the Court's duty to dismiss the plaintiff's case if the Court determines that the complaint fails to state a claim upon which relief may be granted: "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a

ORDER – 1

claim on which relief may be granted. . . ." 28 U.S.C. § 1915(e)(2)(B)(ii); *see also See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.").

The Federal Rules of Civil Procedure require a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A complaint may be dismissed as a matter of law for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Robertson v. Dean Witter Reynolds*, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

Here, the precise nature of Plaintiff's action is difficult to discern. According to the complaint, Plaintiff was detained in King County Jail prior to being transferred to Western State Penitentiary. At some point, Plaintiff suffered health complications and civil rights violations as a result of Western State's conduct.

The Court finds that Plaintiff's complaint fails to assert a cognizable legal theory or a corresponding factual basis upon which relief could be granted. Plaintiff's allegations of harm are insufficiently detailed, there are no allegations explaining why Western State is responsible for causing Plaintiff's alleged harm, and there is no identifiable legal theory for finding Western State liable to Plaintiff. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted and the Court must dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff is entitled to an opportunity to amend the complaint. "Unless it is absolutely clear that no amendment can cure the defect . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). **The Court therefore grants Plaintiff twenty (20) days to file an amended complaint that states a valid claim for relief.** If Plaintiff fails to timely comply with this Order by filing an amended complaint that corrects the deficiencies noted above, the Court will dismiss this action without leave to amend.

ORDER – 2

For the reasons stated above, the Court **DISMISSES** Plaintiff's complaint and grants Plaintiff twenty (20) days to file an amended complaint.

DATED this 15th day of February, 2017.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 3